No. 19-3318

In the
# United States Court of Appeals
# for the Seventh Circuit

WESLEY IRA PURKEY,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA, et al.,

Respondents-Appellees.

On Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 2:19-cv-00414 — Hon. James Patrick Hanlon, *Judge*.

**UNITED STATES' EMERGENCY PETITION FOR PANEL
RECONSIDERATION AND FOR RECONSIDERATION
BY THE EN BANC COURT OF STAY OF EXECUTION
SCHEDULED FOR JULY 15, 2020**

BRIAN A. BENCZKOWSKI
Assistant Attorney General

Christopher J. Smith
Attorney, Appellate Section
Criminal Division
United States Department of Justice

JOSH J. MINKLER
United States Attorney

Brian P. Casey
J. Benton Hurst
David Wagner
Special Assistant United States Attorneys

United States Attorney's Office
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
(816) 426-3181

Attorneys for Respondents-Appellees

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................i

TABLE OF AUTHORITIES.........................................................................ii

INTRODUCTION AND REASONS FOR  RECONSIDERING THE ENTRY OF A STAY .......................................................................1

STATEMENT OF THE ISSUE......................................................................4

STATEMENT OF THE CASE ......................................................................4

ARGUMENT ................................................................................................7

     I.     THIS COURT SHOULD VACATE THE STAY OF EXECUTION........................................................................8

          A.     The Stay Standard the Panel Employed Conflicts with Supreme Court Precedent and this Court's Prior Decisions..........................................................................9

          B.     Purkey Cannot Satisfy Either of the Critical Stay Factors......................................................................11

     II.     AT THE VERY LEAST, THIS COURT SHOULD SHORTEN THE TIME FOR THE FILING OF ANY PETITION FOR REHEARING...........................................16

CONCLUSION ..........................................................................................17

CERTIFICATE OF COMPLIANCE IN ACCORDANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 35.................19

CERTIFICATE OF SERVICE.........................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

## <u>Cases</u>

*Barr v. Roane*, 140 S. Ct. 353 (2019)...................................................... 3, 16

*Beason v. Marske*, 926 F.3d 932 (7th Cir. 2019) ............................................ 12

*Bucklew v. Precythe*, 139 S. Ct. 1112 (2019)................................................. 17

*Calderon v. Thompson*, 523 U.S. 538 (1998) ................................................. 17

*Dunn v. McNabb*, 138 S. Ct. 369 (2017) ....................................................... 2, 3, 9

*Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001) .............................................. 9, 11

*Hill v. McDonough*, 547 U.S. 573 (2006) ....................................................... 2, 9, 14

*Lambert v. Buss*, 498 F.3d 446 (7th Cir. 2007) .............................................. 9, 11

*Lee v. Watson*, No. 19-3399, 2019 WL 6718924 (7th Cir. Dec. 6, 2019) ........................................................................... 9, 10, 14, 15

*Martinez v. Ryan*, 566 U.S. 1 (2012) ............................................................. 13

*Nelson v. Campbell*, 541 U.S. 637 (2004)...................................................... 2, 9, 14

*Nken v. Holder*, 556 U.S. 418 (2009)........................................................... 2, 7, 9, 10

*Poe v. LaRiva*, 834 F.3d 770 (7th Cir. 2016)................................................. 12

*Purkey v. United States*, 549 U.S. 975 (2006)............................................... 5

*Purkey v. United States*, 574 U.S. 933 (2014)............................................... 5

*Purkey v. United States*, 729 F.3d 860 (8th Cir. 2013) ................................... 5

*Purkey v. United States*, No. 2:19-cv-00414, 2019 WL 6170069
(S.D. Ind. Nov. 20, 2019)........................................................... 6

*Purkey v. United States*, No. 06-8001-CV-W-FJG, 2009 WL 3160774
(W.D. Mo. Sept. 29, 2009) .......................................................... 5

*Trevino v. Thaler*, 569 U.S. 413 (2013) ............................................ 13

*United States v. Purkey*, 428 F.3d 738 (8th Cir. 2005) ...................... 5

*United States v. Wheeler,* 139 S. Ct. 1318 (2019) (No. 18-420),
2018 WL 4846931 (Oct. 3, 2018) ............................................ 12

*Williams v. Chrans*, 50 F.3d 1358 (7th Cir. 1995) ........................... 10

## <u>Statutes</u>

18 U.S.C. § 1201 ............................................................................ 4

28 U.S.C. § 2241 .................................................... 1, 6, 11, 13, 15

28 U.S.C. § 2255 ....................................................... 1, 4, 5, 6, 7, 12

Pub. L. No. 104-132 ...................................................................... 7

## <u>Rules</u>

Fed. R. App. P. 40 ........................................................................ 2

Fed. R. App. P. 41 ........................................................................ 2

## INTRODUCTION AND REASONS FOR
## RECONSIDERING THE ENTRY OF A STAY

More than fifteen years ago, the United States District Court for the Western District of Missouri imposed a capital sentence on Petitioner-Appellant Wesley Purkey following his conviction for the gruesome rape and murder of a 16-year-old girl. On both direct review, and in proceedings under 28 U.S.C. § 2255, courts found no error, and the Supreme Court twice denied certiorari. But in August 2019, nearly thirteen years after the completion of his direct appeal and approximately one month after the Government set a date for his execution, Purkey filed a new petition under 28 U.S.C. § 2241 raising additional claims of error during his 2003 trial.

On July 2, 2020, a panel of this Court unanimously agreed with the Government that § 2255, which generally channels federal prisoners' post-conviction claims into a single proceeding brought within one year after the conviction becomes final, precludes Purkey from relying on § 2241 for another round of litigation. In doing so, the panel rejected Purkey's novel claim that § 2255's limitations on successive applications are inapplicable whenever a prisoner claims his counsel during an earlier§ 2255 proceeding provided ineffective assistance, recognizing that his theory would allow for "a never-ending series of reviews and re-reviews." Op. 21.

Despite that recognition, and despite *affirming* the district court's dismissal of Purkey's habeas petition, the panel nevertheless granted new, affirmative relief to Purkey—staying his July 15, 2020 execution and instructing that, absent further order from this Court, that stay will remain in effect until the panel's mandate issues (at least) 51 days from now. *See* Fed. R. App. P. 40(a)(1)(A), 41(b). Despite nominally acknowledging the need for "[Purkey to] ma[ke] a strong showing that he is likely to succeed on the merits," the panel granted a stay based merely on a determination that his underlying merits claims "are worthy of further exploration." Op. 26 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Entry of this stay was fundamental error that, in these exceptionally important circumstances, warrants either panel reconsideration or consideration by the *en banc* Court. The panel's decision conflicts with the stay standard articulated by the Supreme Court in *Nken v. Holder*—as well as *Hill v. McDonough*, 547 U.S. 573, 584 (2006) and *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004)—and by multiple recent decisions of this Court. Indeed, the Supreme Court has summarily set aside lower-court orders in capital cases that rest on such errors. *See, e.g.*, *Dunn v. McNabb*, 138 S. Ct. 369, 369 (2017) (vacating an injunction because the district court "enjoined [an] execution without finding that [the inmate] has a significant possibility of success on the merits"). The Government thus respectfully asks this Court

to act with "appropriate dispatch," *Barr v. Roane,* 140 S. Ct. 353, 353 (2019), in light of the impending July 15 execution date and vacate the stay immediately due to Purkey's failure to show "a significant possibility of success" in obtaining *en banc* or Supreme Court reversal of the panel decision, *McNabb*, 138 S. Ct. at 369.

Alternatively, if this Court is unwilling to vacate the stay immediately, the Government requests this Court set an expedited schedule for filing and disposition of any petition for rehearing in this case, on a timeline that would allow this Court to rule on any such petition by 1 p.m. on Friday, July 10, 2020, and issue its mandate immediately if such a petition is denied. That schedule affords adequate time for the parties to seek any further relief from the Supreme Court, if necessary, before the scheduled execution date.

## STATEMENT OF THE ISSUE

Whether a federal prisoner can obtain a stay of execution through judicial proceedings that this Court has already concluded are barred by 28 U.S.C. § 2255, without a finding that he has a strong chance of prevailing in rehearing proceedings before this Court or on a petition for a writ of certiorari to the Supreme Court.

## STATEMENT OF THE CASE

1.  On January 22, 1998, Purkey met 16-year-old Jennifer Long in Kansas City, Missouri.  Op. 2.  Purkey drove Long to his home in Kansas, where he raped her, stabbed her to death with a boning knife, dismembered her body, and disposed of her remains by burning them in a fireplace and dumping them in a septic pond.  *Id.* at 3.

Later that year, Purkey killed again, this time murdering 80-year-old Mary Ruth Bales using the claw end of a hammer.  Op. 3.  After Purkey was apprehended for that crime and placed into custody, he confessed to Long's murder in an attempt to garner a life sentence in federal, as opposed to state, prison.  *Id.* at 3-4.

2.  Following a trial in the United States District Court for the Western District of Missouri, Purkey was convicted of interstate kidnapping for the purpose of forcible rape, resulting in death, in violation of 18 U.S.C. §§ 1201(a), 1201(g), and 3559(d) (1994 & Supp. IV 1998).  The jury

4

unanimously recommended Purkey be sentenced to death, and the district court imposed that sentence.  The Eighth Circuit affirmed, *United States v. Purkey*, 428 F.3d 738 (8th Cir. 2005), and the Supreme Court denied certiorari,  *Purkey v. United States*, 549 U.S. 975 (2006).

3.  Thereafter, Purkey filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising, *inter alia*, a claim that his trial counsel was ineffective in 17 different respects.  Op. 6.  The district court denied the motion.  *Purkey v. United States*, No. 06-8001-CV-W-FJG, 2009 WL 3160774 (W.D. Mo. Sept. 29, 2009).  The Eighth Circuit affirmed, *Purkey v. United States*, 729 F.3d 860 (8th Cir. 2013), and the Supreme Court again denied certiorari.  *Purkey v. United States*, 574 U.S. 933 (2014).

4.  On July 25, 2019, the Government announced that it had scheduled Purkey's execution for December 13, 2019.  Op. 9.  A month later—nearly thirteen years after the conclusion of his direct appeal, and nearly six years after the conclusion of his § 2255 proceedings—Purkey filed a new request for postconviction relief based on (as relevant here) three claims of ineffective assistance that allegedly occurred during his 2003 trial.  *See Purkey v. United States*, No. 2:19-cv-00414, DCD 1 (S.D. Ind. Aug. 27, 2019).  Because Purkey's claims did not come within any of § 2255's exceptions for successive postconviction motions (and would have been approximately twelve years

untimely in any event), Purkey instead filed a habeas petition under 28 U.S.C. § 2241 in district of his incarceration.

The district court denied the petition, finding Purkey's claims barred by 28 U.S.C. § 2255(e), which provides that a habeas petition "of a [federal prisoner] shall not be entertained . . . unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." The court held that Purkey's claims "do not fall within any of the limited circumstances the Seventh Circuit has recognized when a federal prisoner may challenge a conviction and sentence by way of § 2241." *Purkey v. United States*, No. 2:19-cv-00414, 2019 WL 6170069 at \*1 (S.D. Ind. Nov. 20, 2019).

5. A panel of this Court unanimously affirmed. It held that under Section 2255(e), "if an applicant has already raised a Sixth Amendment ineffectiveness claim in an earlier application—even if the specific details of the ineffective performance are different—we must dismiss a new claim of ineffective assistance of the same lawyer." Op. 21. Because Purkey previously brought claims of ineffective assistance in his motion under 28 U.S.C. § 2255, the saving clause in § 2255(e) did not entitle him "to raise his new arguments in a petition for writ of habeas corpus under 28 U.S.C. § 2241." Op. 25.

Despite affirming on the merits, the panel nonetheless granted Purkey's motion for a stay of his execution. Op. 26-27. The panel

6

acknowledged that one of the "requirements for a stay" set out in *Nken v. Holder* looks to whether "the stay applicant has made a strong showing that he is likely to succeed on the merits." Op. 26 (quoting *Nken*, 556 U.S. at 434). But notwithstanding that requirement, the panel made no finding that Purkey has made a strong showing he is likely to succeed in his habeas petition. *See id.* at 26-27. Instead, the panel observed that "unlike the alien in *Nken*, Purkey faces categorically irreparable injury," and that "[i]f our reading of the safety valve [in § 2255(e)] is too restrictive"—something it did not suggest was likely—"there would be significant issues to litigate" as to two of the ineffectiveness claims. Op. 26. The panel also reasoned that the public interest disfavored a quick resolution of Purkey's challenge to his capital sentence. Op. 27.

## ARGUMENT

In the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 105, 110 Stat. 1220, Congress adopted multiple mechanisms to streamline federal post-conviction proceedings and channel them through § 2255. Those mechanisms include a requirement that postconviction claims be brought within a year of the conviction becoming final and strict limitations on second-or-successive claims, which reinforce the longstanding general bar against circumventing § 2255 through § 2241 habeas proceedings. *See* 28 U.S.C. § 2255(f), (h), (e). Congress deemed such

mechanisms necessary in light of abuses by capital litigants who filed successive post-conviction claims, often years or decades after their conviction, for the purpose of delaying or entirely avoiding their capital sentences.

Those provisions of § 2255 squarely preclude Purkey's successive, untimely request for relief under § 2241. No court has ever read into § 2255(e) the capacious exception Purkey seeks for prisoners who claim they received ineffective assistance during their first § 2255 proceedings. Indeed, the panel itself rejected Purkey's argument, and gave no indication that it believed any court is ever likely to accept it. Yet by entering a stay, the panel did exactly what Congress sought to prevent—reward and incentivize federal capital prisoners who bring stale, piecemeal claims that would postpone or avoid their execution dates. Because Purkey has shown no likelihood that he will eventually prevail in his § 2241 proceedings, he has no claim to the Court's equitable relief. This Court should immediately vacate the stay, just as the Supreme Court has summarily done in similar circumstances.

## I. THIS COURT SHOULD VACATE THE STAY OF EXECUTION

In considering a motion for a stay of execution, this Court evaluates "two critical factors": "(1) whether the inmate has delayed unnecessarily in bringing the claim; and (2) whether the inmate shows a significant

probability of success on the merits." *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007) (per curiam) (citing *Hill v. McDonough*, 547 U.S. 573 (2006); *Nelson v. Campbell*, 541 U.S. 637 (2004)); *see also* Opp. at 26 (discussing factors including "whether the stay applicant has made a strong showing that he is likely to succeed on the merits") (quoting *Nken*, 556 U.S. at 434); *Lee v. Watson*, No. 19-3399, 2019 WL 6718924, at *1 (7th Cir. Dec. 6, 2019) (same). The panel correctly found Purkey's claims unavailing, and he delayed unnecessarily in bringing them. Given the heavy weight this Court affords those two factors, the Panel's order staying Purkey's execution must be vacated.

### A. The Stay Standard the Panel Employed Conflicts with Supreme Court Precedent and this Court's Prior Decisions

The Supreme Court has repeatedly instructed that a prisoner seeking a stay of execution must show "a significant possibility of success on the merits." *Hill*, 547 U.S. at 584; *see Nelson*, 541 U.S. at 649. Indeed, it has summarily set aside lower-court orders that "enjoined [an] execution without finding that [the prisoner] has a significant possibility of success on the merits." *Dunn*, 138 S. Ct. at 369.

This Court has long followed the same rule. *See Lee*, 2019 WL 6718924, at *1 ("Before receiving a stay, an applicant must make a 'strong showing' of probable success on the merits."); *Lambert*, 498 F.3d at 451; *Garza v. Lappin*,

253 F.3d 918, 920-21 (7th Cir. 2001) ("A stay of execution pending the resolution of a second or successive petition for habeas corpus should be granted only when there are 'substantial grounds upon which relief might be granted.'") (citation omitted); *Williams v. Chrans*, 50 F.3d 1358, 1361 (7th Cir. 1995) (denying motion for stay of execution because prisoner did not establish a probability of success of his petition for certiorari).

The panel's order conflicts with this established precedent for two crucial reasons. *First*, the panel erred in concluding that while it had "ruled against Purkey on the merits," it could nevertheless stay his execution because he "faces categorically irreparable injury—death." Opp. at 26. As another panel of this Court recently recognized, "[t]he prospect of irreparable injury is not itself enough." *Lee*, 2019 WL 6718924, at *1. If it were, every death-row prisoner raising a challenge to his execution—no matter how devoid of merit—would be automatically entitled to a stay.

*Second*, the panel erred by attempting to distinguish between the merits of Purkey's underlying claims and the question of whether he can obtain relief on those claims in light of the limitations in § 2255(e). Opp. at 26. The panel appears to have awarded a stay based on its view that Purkey's underlying claims might bear "further exploration" and could have raised "significant issues" if he had asserted them properly, *id.*, rather than based on any finding that he "has made a strong showing that he is likely to

10

succeed on the merits" in the case he actually brought. *Nken*, 556 U.S. at 434. This Court has previously rejected such an approach, holding that a § 2241 petitioner seeking a stay must make the requisite likelihood of success showing with respect *both* to his underlying substantive claims *and* to the "the availability of § 2241" for bringing those claims. *Garza*, 253 F.3d at 921. Here, the panel never suggested that Purkey has any substantial likelihood of success in prevailing on "the availability of § 2241." Nor could it have: As the next section explains, the panel correctly rejected Purkey's reading of § 2255's saving clause because it lacked any limiting principle and is irreconcilable with the statute's text and structure, *see* Op. 20-25; *infra*, at 12-14, and at this point Purkey would need to obtain either *en banc* review or certiorari—and prevail—in order to obtain relief. There is no substantial likelihood of that occurring.

## B. Purkey Cannot Satisfy Either of the Critical Stay Factors

Proper application of this Court's precedent demonstrates that Purkey is not entitled to a stay. He has not satisfied either of the two "critical factors," namely, a "significant probability of success on the merits," and the absence of unnecessary delay in bringing his claims. *Lambert*, 498 F.3d at 451.

1. Purkey is not likely to persuade either the *en banc* Court or the Supreme Court to adopt the novel interpretation of § 2255(e) that he advanced, and the panel rejected, here. "As a general matter, § 2255 provides the exclusive means for a federal prisoner to collaterally attack his conviction or sentence." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019). Because Purkey concedes that he cannot bring another motion under § 2255, he could only proceed under § 2241 if he could satisfy the saving clause in 28 U.S.C. § 2255(e), which requires him to establish that § 2255 is "inadequate or ineffective to test the legality of his detention." He has not done so.

Purkey argued that the purported ineffectiveness of his § 2255 counsel rendered § 2255 inadequate or ineffective. But this circuit "generally requires '*a structural problem* in § 2255 [that] forecloses even one round of effective collateral review,' unrelated to the prisoner's own mistakes." *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016) (citation omitted) (emphasis added).[1] And asserted ineffective assistance of postconviction counsel is not a "structural" problem with § 2255. As the panel correctly recognized, "[a]t the time Purkey

---

[1] The Government has taken the view that this Court's precedent has adopted an overly expansive view of § 2255(e)'s saving clause, in at least certain respects. *See* Petition for Certiorari 14-25, *United States v. Wheeler*, 139 S. Ct. 1318 (2019) (No. 18-420), 2018 WL 4846931 (Oct. 3, 2018). But as the panel recognized, even this Court's precedents do not authorize Purkey's § 2241 petition here, and Purkey has not identified any circuit whose precedent would.

filed his motion under section 2255, nothing formally prevented him from raising each of the three errors he now seeks to raise in his petition under 2241." Op. 20.

The panel also correctly rejected Purkey's attempt to convert the equitable exception to judicially created procedural bars for state prisoners that the Supreme Court recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), into a mechanism to pursue another round of postconviction litigation in his case. Analogizing his case to *Martinez* and *Trevino*, Purkey has argued that the saving clause of § 2255(e) should be triggered whenever a federal prisoner (or, at least, a federal capital prisoner) claims he received ineffective assistance in his earlier § 2255 proceedings. See Opp. 20-21. But that rule would lead to "a never-ending series of review and re-reviews." *Id.* at 21. Even assuming that a court itself might view such a finality-eroding rule to nevertheless be desirable as a policy matter, the panel recognized that "the availability of further relief for someone in Purkey's position is not a simple matter of federal common law," as in *Martinez* and *Trevino*, but rather "is governed by statutes" that courts have no authority to revise at will. *Id.* at 25.

For all those reasons—and others persuasively set forth in the merits section of the panel's opinion, *see id.* at 13-25—Purkey has no likelihood of

success in persuading the *en banc* Court or Supreme Court to allow him to pursue relief through a § 2241 petition.

2. Beyond the threshold failure to show a substantial likelihood of success, a stay is unwarranted for the separate reason that Purkey unnecessarily delayed for years in bringing the present claims. Courts "must . . . apply a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Hill*, 547 U.S. at 584 (quotation omitted). "[S]omeone who waits years before seeking a writ of habeas corpus cannot, by the very act of delay, justify postponement of the execution." *Lee*, 2019 WL 6718924, at *2 (citing *Nelson*, 541 U.S. at 649-50).

In entering a stay, the panel expressed concern about the "serious arguments" Purkey had raised about a specific juror and his trial counsel's "failure to conduct an adequate mitigation investigation." Op. 25. But Purkey has been on notice of the basis for those claims for years. The juror's questionnaire and voir dire are part of the record of Purkey's trial— unchanged since 2003. And even by Purkey's own account, he knew all of the facts necessary to raise the juror issue no later than the date of the affidavit of counsel that he cites as support: May 3, 2017. (DCD 23-36 at 1-7; Appx.

14

1166-72.)[2]  His § 2241 counsel knew of the potential claim by at least that date, if not substantially before, but did not raise it in any court until after Purkey's execution date was set two years later.

Nor has Purkey provided any explanation for why he waited years to raise the evidence that he suggests trial counsel could have found as part of his original 2003 mitigation case. While Purkey has asserted that he did not "strategically delay in bringing his § 2241 petition," he admitted that he hurried to complete that petition only after learning of his execution date. Purkey Mot. to Stay at 11.  That is, Purkey admits to not bringing his present claims expeditiously when he learned of them.

Rather than address Purkey's unnecessary delay in raising these claims, the panel focused instead on the time between conclusion of Purkey's post-conviction review and the scheduling of his execution as evidence that "[a] brief stay to permit the orderly conclusion of the proceedings in this court will not substantially harm the government." Op. 27.  This Court, however, recently denied a stay for a prisoner whose execution was scheduled at the same time as Purkey's because the prisoner's years-prior discovery of the grounds raised in his § 2241 petition showed unnecessary delay.  *See Lee*, 2019 WL 6718924, at *2 (holding that a more than four-year delay in

---

[2] "Appx" refers to the Appendix to Purkey's § 2241 petition, entered in the docket below, *Purkey v. United States*, 19-cv-00414-JPH-DLP, at DCD 23.

15

bringing a § 2241 petition is a consideration that warrants denying a stay).

Here, by delaying in bringing a lengthy petition, Purkey showed the same

sort of delay. For that reason, too, this Court should vacate the stay.

## II. AT THE VERY LEAST, THIS COURT SHOULD SHORTEN THE TIME FOR THE FILING OF ANY PETITION FOR REHEARING

If this Court decides not to vacate the stay at this juncture, the

Government respectfully requests that it at least shorten the time within

which Purkey may file a petition for panel rehearing or rehearing *en banc*,

and expedite consideration of any such petition. Consistent with the Supreme

Court's guidance that courts should review stays entered in capital cases

with "appropriate dispatch," *Roane*, 140 S. Ct. at 353, the Government

requests that this Court order a schedule for any petition for rehearing or

rehearing *en banc* Purkey might elect to file that would allow a decision by

this Court, and sufficient time for either party to seek emergency relief at the

Supreme Court, prior to Purkey's scheduled July 15, 2020, execution date.

Specifically, the Government requests that Purkey be ordered to file

any such petition by noon on Tuesday, July 7, 2020; that the Government file

any response by 5 p.m. on Wednesday, July 8, 2020; and that this Court enter

an order denying or granting any petition for rehearing by 1 p.m. on July 10,

2020. Moreover, if this Court denies rehearing, the Government requests

that it issue its mandate forthwith (dissolving the stay).

16

That schedule would afford both parties time to seek emergency relief at the Supreme Court, if necessary, prior to the scheduled July 15, 2020, execution. If this Court denies rehearing and dissolves the stay, it will afford Purkey time to file an emergency stay application at the Supreme Court. Likewise, if this Court does not dissolve the stay, the schedule will afford the Government time to seek emergency vacatur of the stay at the Supreme Court.

This expedited schedule is also in the public interest, as the Supreme Court has recognized that both the Government and the victims of crime have an interest in the timely enforcement of a death sentence. *See Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019). "Only with an assurance of real finality can the [government] execute its moral judgment in a case" and "the victims of crime move forward knowing the moral judgment will be carried out." *Calderon v. Thompson*, 523 U.S. 538, 556 (1998).

## CONCLUSION

For the reasons stated above, this Court should reconsider the entry of a stay or, in the alternative, order expedited briefing on any petition for rehearing.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney


By:   */s/ Brian P. Casey*
Brian P. Casey
J. Benton Hurst
David Wagner
Special Assistant United States Attorneys

BRIAN A. BENCZKOWSKI
Assistant Attorney General

Christopher J. Smith
Attorney, Appellate Section
Criminal Division
United States Department of Justice

**CERTIFICATE OF COMPLIANCE IN ACCORDANCE WITH
FEDERAL RULE OF APPELLATE PROCEDURE 35**

The foregoing Emergency Petition complies with the type volume limitations required under Federal Rule of Appellate Procedure 35 in that there are not more than 3,900 words and that there are 3,899 words typed in Microsoft Word word-processing this fourth day of July, 2020.

/s/ *Brian P. Casey*
Brian P. Casey
Special Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on July 4, 2020, I electronically filed the foregoing Emergency Petition with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system to the following:

Alan E. Schoenfeld
Stephanie Simon
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007

Michelle M. Law
Assistant Federal Public Defender
Western District of Missouri
901 St. Louis Street, Suite 801
Springfield, MO  65806

Rebecca E. Woodman
Attorney at Law, L.C.
1263 West 72nd Terrace
Kansas City, Missouri  64114

Attorneys for Petitioner-Appellant

/s/ *Brian P. Casey*
Brian P. Casey
Special Assistant United States Attorney