# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

WESLEY IRA PURKEY,      )

                 )

      Petitioner-Appellant,    )

                 )     CIVIL ACTION

     vs.               )

                 )     Appeal No.: 19-3318

**WARDEN OF USP TERRE HAUTE**,   )

**UNITED STATES OF AMERICA,**   )     DEATH PENALTY CASE

                 )     EXECUTION SCHEDULED

                 )     FOR JULY 15, 2020

      Respondents-Appellees.  )

---

## APPELLANT'S OPPOSITION TO APPELLEES' EMERGENCY PETITION FOR PANEL RECONSIDERATION AND FOR RECONSIDERATION BY THE EN BANC COURT

---

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

BACKGROUND ............................................................................................. 2

ARGUMENT .................................................................................................. 6

I. Rehearing Of The Brief Stay Entered By The Panel Is Not Warranted.......... 6

    A. Mr. Purkey's Showing On The Merits Justifies The Brief Stay That The Panel Ordered.................................................................................. 7

    B. The Remaining Factors Strongly Support The Panel's Stay .............. 11

II. The Court Should Not Shorten Mr. Purkey's Time To Seek Rehearing....... 14

CONCLUSION .............................................................................................. 15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Fuller v. Bowersox*, 202 F.3d 1053 (8th Cir. 2000).................................................7

*Hunley v. Godinez*, 975 F.2d 316 (7th Cir. 1992)...................................................7

*In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d
    106 (D.C. Cir. 2020) ............................................................................4

*Johnson v. Armontrout*, 961 F.2d 748 (8th Cir. 1992) ............................................7

*Kemp v. Smith*, 463 U.S. 1321 (1983) (Powell, J., in chambers) .............................6

*Lambert v. Buss*, 498 F.3d 446 (7th Cir. 2007) .....................................................6

*Martinez v. Ryan*, 566 U.S. 1 (2012) ......................................................3, 4, 8, 9, 10

*Massaro v. United States*, 538 U.S. 500 (2003) ....................................................10

*Nelson v. Campbell*, 541 U.S. 637 (2004) ........................................................12, 13

*Osorio-Martinez v. Attorney General of the U.S.*, 893 F.3d 153 (3d Cir. 2018).....11

*Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015)........................................10

*Sears v. Upton*, 561 U.S. 945 (2010) .....................................................................8

*Trevino v. Thaler*, 569 U.S. 413 (2013).........................................................3, 4, 8, 9

*United States v. Dale*, 614 F.3d 942 (8th Cir. 2010) ..............................................7

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc)................................14

*Williams v. Chrans*, 50 F.3d 1358 (7th Cir. 1995) ................................................11

**DOCKETED CASES**

*Roane v. Barr*, No. 19-mc-145 (D.D.C.) .................................................................4

*Roane v. Gonzales*, No. 1:05-cv-02337-TSC (D.D.C.) ...........................................11

# STATUTES AND RULES

18 U.S.C. §3599(a)(2).......................................................................................9

28 U.S.C.
 §2241 ................................................. 3, 4, 8, 9, 10, 12, 13, 14, 15
 §2255 ...................................................2, 3, 4, 5, 9, 10, 14

Fed. R. App. P. 35(a) ......................................................................6

iii

Wesley Purkey is scheduled to be executed on July 15, 2020. On July 2, a unanimous panel of this Court (Wood, Brennan, St. Eve, JJ.) issued a temporary stay of that execution, "to permit the orderly conclusion of the proceedings in this court." Op. 26. As the panel "emphasized," Mr. Purkey has raised "at least two" claims of ineffective assistance of trial counsel that "are worthy of further exploration," but have never been considered by any court. *Id*. The panel further concluded that Mr. Purkey stands to suffer "categorically irreparable injury—death," "[a] brief stay to permit the orderly conclusion of the proceedings in this court will not substantially harm the government, which has waited at least seven years to move forward on Purkey's case," and "the public interest is surely served by treating this case with the same time for consideration and deliberation that [the Court] would give any case." *Id.* at 26-27. Accordingly, the panel entered a brief stay, that "will expire upon the issuance of this court's mandate or as specified in any subsequent order that is issued." *Id.* at 27.

At approximately 2 a.m. on July 4, the Government—apparently dissatisfied with the panel's considered judgment that a brief stay of execution serves the interests of justice—filed an "emergency" petition requesting that the Court summarily vacate the stay a unanimous panel issued merely two days earlier. The so-called "emergency" purportedly justifying this extraordinary request? The Government's professed need to execute Mr. Purkey on July 15 and not a day

later—despite having previously waited *over seven years* to set an execution date in Mr. Purkey's case, and despite the fact that proceedings before this Court remain ongoing. The Government's extraordinary motion comes nowhere close to satisfying the standard for panel rehearing or rehearing en banc. The Court should reject the Government's attempt to short-circuit the appellate process in its race toward the execution chamber.

## BACKGROUND

Mr. Purkey was convicted and sentenced to death in federal court in Missouri in 2003 and 2004. He was tried before a jury that included a juror presumed biased as a matter of law because she had been the victim of a similar crime at the same age, and bore the same name, as the victim in Mr. Purkey's case. Although that juror (Juror 13) disclosed this information on her juror questionnaire, Mr. Purkey's trial counsel failed to object to her being seated or even to question her about her potential bias. Then during the penalty phase, trial counsel presented a meager mitigation case, the result of a halfhearted investigation that failed to collect information about generations of important family history and extensive physical and sexual abuse that Mr. Purkey suffered while at home, school, and church at the hands of his parish priest. In October 2007, Mr. Purkey brought a challenge to his conviction and sentence under 28

2

U.S.C. §2255. There, his counsel raised none of these issues. In short, Mr. Purkey's §2255 counsel provided ineffective assistance.

Because of the ineffective assistance of §2255 counsel, the first time Mr. Purkey brought his ineffective assistance of trial counsel claims to the attention of any court was August 2019, when he filed a petition under 28 U.S.C. §2241 in the Southern District of Indiana, where he is confined. The petition challenged Mr. Purkey's conviction and sentence on several grounds, including that he had received ineffective assistance of trial counsel because trial counsel failed to strike a biased juror and failed to present critical mitigation evidence.

The district court denied the petition, concluding that it was barred by §2255(h), which generally prohibits the filing of "second or successive" federal habeas petitions. *See* Supp. App. 25, 27. The court further held that the Savings Clause codified in §2255(e) was not available to Mr. Purkey. Even if Mr. Purkey's initial §2255 counsel was constitutionally ineffective, the court reasoned, that would not render the initial §2255 proceedings "inadequate or ineffective" to test the legality of Mr. Purkey's detention within the meaning of the Clause. *See* Supp. App. 23-27. In reaching that conclusion, the district court distinguished *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), where the Supreme Court held that procedural default does not bar federal habeas review of a state prisoner's substantial claims of ineffective assistance of trial counsel when

that default was the result of ineffective assistance of initial-review collateral counsel. Those decisions, the district court said, did not "involve the Savings Clause" and therefore were "not controlling." Supp. App. 21.

Meanwhile, in July 2019—a decade and a half after Mr. Purkey's conviction and sentence—the Government for the first time set a date for his execution (for December 2019) under a newly announced federal lethal-injection protocol. In November 2019, the U.S. District Court for the District of Columbia preliminarily enjoined his execution (and three others) under the new protocol. *See* Mem. Op., *Roane v. Barr*, No. 19-mc-145 (D.D.C. Nov. 20, 2019), Dkt. #50. The Government appealed and, on April 7, 2020, a divided panel of the U.S. Court of Appeals for the D.C. Circuit vacated the injunction. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020). The D.C. Circuit's mandate issued on Friday, June 12, and on Monday, June 15—the day before argument before this Court in Mr. Purkey's §2241 appeal—the Government scheduled Mr. Purkey's execution for four weeks later, on July 15, 2020.

On July 2, 2020, a panel of this Court affirmed the district court's dismissal of Mr. Purkey's §2241 petition. The panel recognized that a federal prisoner who receives ineffective assistance of §2255 counsel is functionally in the same position as the state prisoners in *Martinez* and *Trevino*. But unlike those state prisoners, "the availability of further relief … is not a simple matter of federal

4

common law," but is instead "governed by statutes." Op. 25. To benefit from the Savings Clause, the panel explained, "there must be a compelling showing that, as a practical matter, it would be *impossible* to use section 2255 to cure a fundamental problem." Op. 20 (emphasis added). Mr. Purkey could not make such a showing because at the time he filed his §2255 petition, the panel found, "nothing *formally* prevented him from raising each of the … errors he now seeks to raise in his petition under [§]2241." *Id.* (emphasis added).

Although the panel held against Mr. Purkey on the merits, it granted Mr. Purkey's request for a stay of execution "to permit the orderly conclusion of the proceedings" in this Court. Op. 26-27. In so holding, the panel noted that the underlying ineffective assistance of trial counsel claims raised by Mr. Purkey's petition were "serious"—specifically, those concerning Juror 13 and the inadequate mitigation case—and the panel observed that it was "troubling" that no court had ever considered those claims. *Id.* at 20, 22, 25. The panel emphasized, moreover, that it had "rejected" Mr. Purkey's ineffective assistance claims "not on the merits, but because of [its] understanding of the safety valve language" of §2255(e). *Id.* at 26. And the panel recognized that if its "reading of the safety valve [was] too restrictive, there would be significant issues to litigate." *Id.* For that reason—and in recognition that Mr. Purkey satisfied the relevant four-factor

test—the panel issued a brief stay of execution that would expire upon the issuance of its mandate or until a time set forth in a subsequent order. *Id.* at 26-27.

**ARGUMENT**

**I.     Rehearing Of The Brief Stay Entered By The Panel Is Not Warranted**

En banc rehearing is disfavored and "ordinarily will not be ordered unless" rehearing is "necessary to secure or maintain uniformity of the court's decisions," or the proceeding at issue "involves a question of exceptional importance." Fed. R. App. P. 35(a). The panel's decision to grant Mr. Purkey a temporary stay of execution "pending the completion of proceedings in the Seventh Circuit" does not meet any of those narrow criteria. Op. 27. Indeed, a stay of execution is an equitable remedy that lies within a court's discretion, making en banc reconsideration particularly unwarranted. *See Kemp v. Smith*, 463 U.S. 1321, 1321-1322 (1983) (Powell, J., in chambers); *Lambert v. Buss*, 498 F.3d 446, 451-452 (7th Cir. 2007). In considering whether to grant a stay of Mr. Purkey's execution, the panel correctly considered four factors: (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) whether a stay would substantially injure other parties; and (4) the public interest. *See* Op. 26. The panel properly exercised its discretion in holding that these factors weigh in favor of a temporary stay.

**A.    Mr. Purkey's Showing On The Merits Justifies The Brief Stay That The Panel Ordered**

The panel correctly concluded that Mr. Purkey has raised at least two "significant issues" regarding the effectiveness of his trial counsel that he has not yet had an opportunity to litigate.  Op. 26.  First, trial counsel failed to object to a juror with the same name as the victim in Mr. Purkey's case who herself had been the victim of an attempted rape at the same age as the victim in Mr. Purkey's case—allowing, as one member of the panel put it during oral argument, a clone of the victim to sit on the jury.  That juror was presumptively biased.  *See* Op. 20; *Fuller v. Bowersox*, 202 F.3d 1053, 1056 (8th Cir. 2000); *Hunley v. Godinez*, 975 F.2d 316, 319 (7th Cir. 1992).  And "[t]he presence of a biased jury constitutes a fundamental, structural defect that affects the entire conduct of the trial."  *United States v. Dale*, 614 F.3d 942, 960 (8th Cir. 2010); *see also Johnson v. Armontrout*, 961 F.2d 748, 756 (8th Cir. 1992).

Second, the panel agreed with Mr. Purkey that trial counsel "fail[ed] … to conduct a proper mitigation analysis."  Op. 26.  Trial counsel failed entirely to investigate the three years that Mr. Purkey was sexually abused by his parish priest, from age 11 to 13; the physical abuse, degradation, and humiliation that Mr. Purkey suffered at school; and Mr. Purkey's family history of, and genetic vulnerability to, PTSD, substance abuse, and addiction.  That trial counsel presented other mitigating evidence does not end the inquiry, because "counsel's

effort to present *some* mitigation evidence" does not "foreclose an inquiry into whether a facially deficient mitigation investigation might have prejudiced the defendant." *Sears v. Upton*, 561 U.S. 945, 955 (2010).

That prejudice inquiry is worthy of particularly careful examination in Mr. Purkey's case, given that the panel observed that it was "disturbed that the jury left blank the spaces on the verdict form for its consideration of Purkey's many trial arguments in mitigation, and that trial counsel did not insist that the case be returned to the jury for completion of those blanks when he had the chance." Op. 22-23. Because of these problems, the court noted, "it is hard to know whether" the jury actually fulfilled its obligation of "balanc[ing] aggravating and mitigating factors." *Id.* at 23. Indeed, had the jury "focus[ed] on mitigation, … it may have found some points in Purkey's favor"—"even based on only the trial evidence." *Id.* These concerns are all the more alarming given the wealth of evidence that trial counsel failed to investigate and resultingly never shared with the jury.

In affirming the denial of Mr. Purkey's §2241 petition, the panel made clear that it was not rejecting either of these two claims on the merits. Op. 27. To the contrary, the panel appears to have agreed with Mr. Purkey's contention that these claims have at least "some merit," as that phrase is used in *Martinez*. For that reason, the panel did not dispute that if he were a state prisoner proceeding under §2254, Mr. Purkey likely would be permitted to assert these ineffective assistance

8

of trial counsel claims.  *See* Op. 25.  The panel ultimately concluded, however, that §2255(e)'s Savings Clause demanded that federal prisoners be treated differently and did not permit Mr. Purkey to file a second habeas petition under §2241 even if his post-conviction counsel had been ineffective.  *Id.* at 26.

The panel recognized that the §2255(e) question was a difficult one that tested both Supreme Court and Seventh Circuit precedent in new ways, suggesting that its reading of §2255(e) might be "too restrictive."  Op. 26.  And the panel acknowledged that Mr. Purkey has provided a limiting principle:  Unlike the vast majority of federal prisoners, defendants facing the death penalty have a statutory right to counsel in §2255 proceedings under 18 U.S.C. §3599(a)(2).  *See id.* at 19.

Mr. Purkey submits that the panel's reading of §2255(e) was too restrictive. If §2255 counsel is ineffective, it is fair to say that initial §2255 proceedings are "inadequate or ineffective" to test the legality of the prisoner's detention. Otherwise, *no* court will ever review a federally death-sentenced prisoner's substantial claims of ineffective assistance trial counsel before that prisoner is executed.  In this respect, federal death-sentenced individuals like Mr. Purkey are in the exact same position as the state prisoners were in *Martinez* and *Trevino*.  In the normal course, a federal prisoner first files a direct appeal.  But the required timing for direct appeals under the federal rules precludes bringing an adequately developed claim of ineffective assistance of trial counsel.  Indeed, this Court has

made clear that, in federal court, "[r]aising ineffective assistance on direct appeal is imprudent." *Ramirez v. United States*, 799 F.3d 845, 853 (7th Cir. 2015). A §2255 petition thus provides a federal prisoner's first real opportunity to raise claims of ineffective assistance of trial counsel. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *Ramirez*, 799 F.3d at 853. But where that §2255 proceeding is "undertaken … with ineffective counsel," it likely is not "sufficient to ensure that proper consideration was given to a substantial claim" of ineffective assistance of trial counsel. *Martinez*, 566 U.S. at 14. That is because, as recognized in *Martinez*, ineffective assistance of trial counsel claims are difficult if not impossible to mount "[w]ithout the help of an adequate attorney." *Id.* at 11-13. Yet, under the constraints of §2255(h), that one initial proceeding is the only chance a federally death-sentenced prisoner will get to present substantial claims of ineffective assistance of trial counsel. The principles the Court articulated in *Martinez* and *Trevino* instruct that such prisoners be given the opportunity to raise such claims in a second petition pursuant to §§2241 and 2255(e).

All told, then, the panel here concluded that Mr. Purkey's underlying claims had merit but were jurisdictionally unavailable due to a close question of first impression involving the interaction between multiple statutory provisions and lines of judicial precedent. It was well within the panel's discretion to enter a temporary stay of execution to permit Mr. Purkey to seek further review.

**B.      The Remaining Factors Strongly Support The Panel's Stay**

The panel also correctly held that the remaining stay factors weigh in Mr. Purkey's favor.  Absent a stay, Mr. Purkey faces "categorically irreparable injury—death."  Op. 26.  That conclusion is consistent with this Court's precedent, which instructs that "[t]here can be no doubt that a defendant facing the death penalty at the hands of the state faces irreparable injury."  *Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995).

The panel also correctly held that "[a] brief stay to permit the orderly conclusion of the proceedings in this court will not substantially harm the government, which has waited at least seven years to move forward on Purkey's case."  Op. 26-27.  The Government in fact did not proceed with *any* federal executions during that time period while they revised their lethal-injection protocol, including six years when they were purportedly engaged in the "final phases of finalizing th[at] protocol."  Status Report, *Roane v. Gonzales*, No. 1:05-cv-02337-TSC (D.D.C. filed July 3, 2013), Dkt. #323.  "[T]hat the government has not—until now—sought to" schedule Mr. Purkey's execution "undermines any urgency surrounding" its need to do so.  *Osorio-Martinez v. Att'y Gen. of the U.S.*, 893 F.3d 153, 179 (3d Cir. 2018).

Yet, despite its lengthy delay, the Government is now in a rush.  In July 2019, it announced a new execution protocol—after, again, having no protocol in

place for years—and simultaneously set Mr. Purkey's execution for December 2019. Before that execution could take place, a D.C. district court enjoined Mr. Purkey's execution—an injunction that was in effect until June 12. Then on the first business day after that injunction was lifted (June 15), the Government *immediately* set a new execution date merely one month out—even though oral argument was scheduled in this case for one day later, on June 16. And finally, when the panel granted its brief stay of Mr. Purkey's execution, the Government filed a motion within 36 hours, on a federal holiday, seeking to summarily vacate that stay so that it could execute Mr. Purkey before his claims were finally adjudicated. This conduct does not serve the public interest and is not justified by the Government's "significant interest in enforcing its criminal judgment." *Nelson v. Campbell*, 541 U.S. 637, 649-650 (2004). Rather, to borrow the panel's words, "the public interest is surely served by treating this case with the same time for consideration and deliberation that [the Court] would give any case." Op. 27. And the fact that "the death penalty is involved is no reason to take short-cuts—indeed, it is a reason not to do so." *Id.*

Nonetheless, the Government asks to bypass any further judicial process because Mr. Purkey "unnecessarily delayed for years in bringing the present claims." Pet. 14. As the panel found, that is not the case. *See* Op. 9 (noting that Mr. Purkey "[l]os[t] no time" in filing his §2241 petition). The execution date was

set in July 2019, Mr. Purkey filed the §2241 petition in August, and the district court reached its decision in November. The petition relies on evidence obtained through the very month of filing. *See* App. 78-88. The Government fails to respond to this argument altogether. Instead, it focuses—as it did before the panel (Opp. to Stay Mot. 13)—on an affidavit from May 2017 focusing on the Juror 13 issue. *See* Pet. 14. But the §2241 petition contained seven other claims that Mr. Purkey pursued up until filing. The Government's unsupported statements to the contrary—that Mr. Purkey "waited years to raise [this] evidence" and "admits to not bringing his present claims expeditiously when he learned of them" (Pet. 15)—ignore the record and the motion papers before the panel.

The accusation that Mr. Purkey hurried to complete his §2241 petition once his initial execution date was scheduled (Pet. 15) misses the point. Mr. Purkey and his §2241 counsel pursued his claims while no execution was scheduled, but then hurried to complete the 221-page petition and 2,500-page appendix *by necessity* when the Government sprung a surprise new execution protocol and set an execution date for a few months later. Mr. Purkey and his counsel therefore have not "delayed unnecessarily"; they have diligently advanced his §2241 claims, which could not "have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Nelson*, 541 U.S. at 650. Nor did Mr. Purkey delay in seeking a stay from the panel—he sought a stay just days after the

new execution date was announced and four weeks before the scheduled execution.

## II.     The Court Should Not Shorten Mr. Purkey's Time To Seek Rehearing

In the alternative, the Government—in its unrelenting effort to short-circuit the normal appellate process and accelerate Mr. Purkey's execution—seeks to truncate both Mr. Purkey's time to file a petition for rehearing and the time for this Court to consider and decide the important issues that will be presented by that petition.  The Court should deny that request.

As the panel recognized in granting the stay, this case presents substantial issues that merit the full court's considered review.  Whether and by what procedural mechanism federal capital prisoners who are in the analogous position of the state prisoners in *Martinez* and *Trevino*—*i.e.*, whose substantial claims of ineffective assistance of trial counsel were defaulted by ineffective §2255 counsel—may press such claims in petitions brought pursuant to §2241, is an important question that has not fully crystalized.  Although the panel held against Mr. Purkey on the merits of that question, it recognized that its "understanding of the safety valve" may be "too restrictive," and if so "there would be significant issues to litigate."  Op. 25-26.  And this Court has recognized that sketching the metes and bounds of the Safety Valve is important, as demonstrated by the grant of en banc review in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc).

Thoughtful resolution of the issue to be presented by Mr. Purkey's petition is

of increased importance now that the Government has—for the first time in nearly two decades—begun scheduling executions. There are nearly 60 prisoners on federal death row, some of whom may face the possibility of execution despite their having substantial claims of ineffective assistance of trial counsel that have never been reviewed by any court. As a result, the question of the availability of §2241 will recur. The question takes on heightened importance in this Circuit, because nearly all federal death row prisoners are incarcerated at U.S.P. Terre Haute. Because §2241 petitions must be filed in the district where the prisoner is incarcerated, nearly all claims of this type must be brought in the Southern District of Indiana (where Terre Haute sits). And this case is the right vehicle to decide these important issues, given that Mr. Purkey's underlying ineffective assistance of trial counsel claims are meritorious. *See* Op. 25-26.

The Government should not be permitted to hurry this Court's consideration of these weighty issues. As the panel explained, "the public interest is surely served by treating this case with the same time for consideration and deliberation that we would give any case. Just because the death penalty is involved is no reason to take short-cuts—indeed, it is a reason not to do so." Op. 27.

## CONCLUSION

For these reasons, the Court should deny the Government's petition for rehearing and leave the stay of execution in place.

Respectfully submitted.

/s/ Alan E. Schoenfeld

REBECCA E. WOODMAN
ATTORNEY AT LAW, L.C.
1263 W. 72nd Terrace
Kansas City, MO 64114
(785) 979-3672

ALAN E. SCHOENFELD
STEPHANIE SIMON
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

MICHELLE M. LAW
ASSISTANT FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF MISSOURI
901 St. Louis Street, Suite 801
Springfield, MO 65806
(417) 873-9022

July 10, 2020

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this filing complies with the page limitation imposed by this Court's July 6, 2020 order.  Exclusive of the exempted portions, as provided in Fed. R. App. P. 32(f), the filing is 15 pages, according to the word-count feature of the word-processing program with which it was prepared (Microsoft Word for Office 365).

/s/ Alan E. Schoenfeld
ALAN E. SCHOENFELD

July 10, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Alan E. Schoenfeld
ALAN E. SCHOENFELD