# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| **WESLEY IRA PURKEY,** | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Appeal No.: 19-3318 |
| **WARDEN OF USP TERRE HAUTE,** | ) | |
| **UNITED STATES OF AMERICA,** | ) | DEATH PENALTY CASE |
| | ) | EXECUTION SCHEDULED |
| | ) | FOR JULY 15, 2020 |
| Respondents-Appellees. | ) | |

---

## APPELLANT'S EMERGENCY MOTION TO STAY EXECUTION PENDING DISPOSITION OF PETITION FOR WRIT OF CERTIORARI

---

# INTRODUCTION

Wesley Purkey is scheduled to be executed on **July 15, 2020, at 7 p.m. Eastern**. Mr. Purkey respectfully requests a stay of his execution pending the Supreme Court's disposition of his petition for a writ of certiorari.

Mr. Purkey's case presents an important question, on which the Supreme Court is likely to grant review and reverse. In *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), the Supreme Court held that, for a state prisoner whose first opportunity to raise a claim of ineffective assistance of trial counsel is in an initial collateral-review proceeding, procedural default will not bar review of those claims in proceedings pursuant to 28 U.S.C. § 2254 when that default was the result of ineffective assistance of initial collateral-review counsel. Those decisions were grounded in the recognition that prisoners must have at least one opportunity for meaningful review of substantial claims of ineffective assistance of trial counsel, and meaningful review is unavailable when, in the first opportunity to raise those claims, counsel was absent or ineffective.

Like the state prisoners in *Martinez* and *Trevino*, a federal capital prisoner generally cannot raise a claim of ineffective assistance of trial counsel on direct review; his first opportunity to raise such claims is on a motion under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *Ramirez v. United States*, 799 F.3d 845, 853 (7th Cir. 2015). To ensure that these claims are

adequately developed and presented, federal capital prisoners are guaranteed counsel through post-conviction proceedings. 18 U.S.C. § 3599. The Supreme Court has not decided whether and by what procedural mechanism federal prisoners who are in the analogous position of the state prisoners in *Martinez* and *Trevino*—*i.e.*, whose substantial claims of ineffective assistance of trial counsel were defaulted by ineffective § 2255 counsel—may seek review of such claims. Yet the courts of appeals are divided on that question.

Given the fundamental importance of the right to trial counsel recognized in *Martinez* and *Trevino*, the Supreme Court is likely to grant certiorari to clarify that federal prisoners—or at the very least federal capital prisoners, who are guaranteed counsel in § 2255 proceedings—are equally entitled to meaningful review of substantial claims of ineffective assistance of trial counsel, presented by effective collateral counsel, and that § 2241 is an appropriate mechanism for relief when the remedy provided by § 2255 fails by virtue of the ineffective assistance of initial collateral-review counsel.

Even though the Supreme Court vacated the stay entered by the panel, a stay pending the disposition of Mr. Purkey's petition for a writ of certiorari is still warranted. The stay entered by the panel was specifically targeted to permit the orderly conclusion of proceedings before this Court, and was premised on the panel's recognition that its reading of the Safety Valve may be "too restrictive,"

2

thus leaving open the possibility of en banc reversal.  The Supreme Court vacated

that stay.  But the Court's ruling on *that* question does not affect the prospect of

certiorari.  This Court should grant a stay of Mr. Purkey's execution so that the

Supreme Court may consider the important issues raised in Mr. Purkey's cert

petition before he is put to death.  This Court should grant a stay of Mr. Purkey's

execution so that the Supreme Court may consider the important issues raised in

Mr. Purkey's cert petition before he is put to death.

### BACKGROUND

Mr. Purkey was convicted and sentenced to death in federal court in

Missouri in 2003 and 2004.  He was tried before a jury that included a juror

presumed biased as a matter of law because she had been the victim of a similar

crime at the same age, and bore the same name, as the victim in Mr. Purkey's case.

Although that juror (Juror 13) disclosed this information on her juror

questionnaire, Mr. Purkey's trial counsel failed to object to her being seated or

even to question her about her potential bias.  Then during the penalty phase, trial

counsel presented a meager mitigation case, the result of a halfhearted

investigation that failed to collect information about generations of important

family history and extensive physical and sexual abuse that Mr. Purkey suffered

while at home, school, and church at the hands of his parish priest.  In October

2007, Mr. Purkey brought a challenge to his conviction and sentence under 28

3

U.S.C. § 2255.  There, his counsel raised none of these issues.  In short, Mr. Purkey's § 2255 counsel provided ineffective assistance.

Because of the ineffective assistance of § 2255 counsel, the first time Mr. Purkey brought his ineffective assistance of trial counsel claims to the attention of any court was August 2019, when he filed a petition under 28 U.S.C. § 2241 in the Southern District of Indiana, where he is confined.  The petition challenged Mr. Purkey's conviction and sentence on several grounds, including that he had received ineffective assistance of trial counsel because trial counsel failed to strike a biased juror and failed to present critical mitigation evidence.

The district court denied the petition, concluding that it was barred by § 2255(h), which generally prohibits the filing of "second or successive" federal habeas petitions.  *See* Supp. App. 25, 27.  The court further held that the Savings Clause codified in § 2255(e) was not available to Mr. Purkey.  Even if Mr. Purkey's initial § 2255 counsel was constitutionally ineffective, the court reasoned, that would not render the initial § 2255 proceedings "inadequate or ineffective" to test the legality of Mr. Purkey's detention within the meaning of the Clause.  *See* Supp. App. 23-27.  In reaching that conclusion, the district court distinguished *Martinez* and *Trevino* on the ground that those decisions did not "involve the Savings Clause" and therefore were "not controlling."  Supp. App. 21.

On July 2, 2020, a panel of this Court affirmed the district court's dismissal of Mr. Purkey's § 2241 petition. The panel recognized that a federal prisoner who receives ineffective assistance of § 2255 counsel is functionally in the same position as the state prisoners in *Martinez* and *Trevino*. But unlike those state prisoners, "the availability of further relief … is not a simple matter of federal common law," but is instead "governed by statutes." Op. 25. To benefit from the Savings Clause, the panel explained, "there must be a compelling showing that, as a practical matter, it would be *impossible* to use section 2255 to cure a fundamental problem." Op. 20 (emphasis added). Mr. Purkey could not make such a showing because at the time he filed his § 2255 petition, the panel found, "nothing *formally* prevented him from raising each of the … errors he now seeks to raise in his petition under [§] 2241." *Id.* (emphasis added).

Although the panel held against Mr. Purkey on the merits, it granted Mr. Purkey's request for a stay of execution "to permit the orderly conclusion of the proceedings" in this Court. Op. 26-27. In so holding, the panel noted that the underlying ineffective assistance of trial counsel claims raised by Mr. Purkey's petition were "serious"—specifically, those concerning Juror 13 and the inadequate mitigation case—and the panel observed that it was "troubling" that no court had ever considered those claims. *Id.* at 20, 22, 25. The panel emphasized, moreover, that it had "rejected" Mr. Purkey's ineffective assistance claims "not on

the merits, but because of [its] understanding of the safety valve language." *Id.* at 26. And the panel recognized that if its "reading of the safety valve [was] too restrictive, there would be significant issues to litigate." *Id.* The panel therefore issued a brief stay of execution that would expire upon the issuance of its mandate or until a time set forth in a subsequent order. *Id.* at 26-27.

Less than 36 hours after the Seventh Circuit issued its decision, at approximately 2 a.m. on July 4, the Government filed a petition for rehearing seeking to immediately vacate the stay. Rather than wait for this Court to decide its petition, however, the Government filed another emergency motion with the Supreme Court on Saturday, July 11, asking the Court to vacate the stay entered by the panel, primarily on the ground that the panel had not found likelihood of success on the merits, as required by *Nken* v. *Holder*, 556 U.S. 418 (2009).

On July 13, the panel issued an order denying the Government's request to vacate the stay. The panel clarified that, in granting the stay, it "concluded that Purkey has made a strong argument to the effect that, under … *Martinez* … and *Trevino* … a habeas corpus petitioner who has *never* been able to test the effectiveness of his counsel under the Sixth Amendment can overcome his procedural default in failing to do so in his first and only motion under section 2255" and that such a prisoner "would be entitled to a hearing on the merits using the vehicle of section 2241." July 13 Order at 3. Accordingly, the panel

explained, "we deem Purkey's chances of success on this point to be strong enough to satisfy *Nken*'s first requirement[.]" *Id.* The panel reiterated that it found "serious" the argument that, if Mr. Purkey cannot press his claims in a § 2241 petition, "he could literally go to his death without ever having the opportunity first to demonstrate that his Sixth Amendment rights were violated, and … if he succeeds, to have a new trial untainted by that failing," explaining that "all defendants, including capital defendants, have a right to constitutionally effective counsel" and "[t]he information proffered in Purkey's section 2241 petition gives us concern that Purkey never received such counsel." *Id*. at 2. With this in mind, the panel stated again that a "brief stay is necessary to complete our proceedings in an orderly way," including the resolution of a forthcoming petition for panel or en banc rehearing from Mr. Purkey. *Id.* at 3.

On July 15, however, the Supreme Court, in a 5-4 vote, granted the Government's motion to vacate the stay—leaving the Government free to proceed with Mr. Purkey's execution on July 15. Mr. Purkey intends to file a petition for a writ of certiorari immediately.

## ARGUMENT

A stay of execution is warranted pending disposition of a petition for writ of certiorari when there are "substantial grounds upon which relief might be granted." *Barefoot v. Estelle*. 463 U.S. 880, 895 (1983). In determining whether to grant a

stay, courts consider whether there is: (1) "'a reasonable probability that four members of the Court would consider the underlying issue sufficiently meritorious for the grant of certiorari or the notation of probably jurisdiction'"; (2) "'a significant possibility of reversal of the lower court's decision'"; and (3) "'a likelihood that irreparable harm will result if the execution is not stayed.'" *Id.* Each of these factors is satisfied here.

## I.     Four Justices Are Likely Vote To Grant Certiorari

There is a "'reasonable probability' that four Justices will consider the issue" presented by Mr. Purkey's petition for certiorari "sufficiently meritorious to grant certiorari." *Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (citation omitted).

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that an attorney's negligence does not constitute cause to excuse procedural default in state post-conviction proceedings. In *Martinez v. Ryan*, 566 U.S. 1 (2012), however, the Court recognized an equitable exception to that holding: Where, by virtue of the structure of a State's procedural framework, "claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17. The Court recognized that because many state-court systems "move trial-

ineffectiveness claims outside of the direct-appeal process, where counsel is constitutionally guaranteed, the State significantly diminishes prisoners' ability to file such claims" and that a defendant's constitutional right to counsel—a "bedrock principle in our justice system"—will be difficult, if not impossible, to vindicate "[w]ithout the help of an adequate attorney." *Id.* at 11-13. But the Court limited its holding to state jurisdictions where ineffective assistance claims are *required* to be raised during initial collateral proceedings rather than on direct appeal.

The following year, the Supreme Court granted certiorari in *Trevino v. Thaler*, 569 U.S. 413 (2013), to clarify whether *Martinez*'s holding applied equally in jurisdictions where ineffective assistance of trial counsel claims were not prohibited outright during direct appeal proceedings, but where the state-court procedures made it "'virtually impossible for appellate counsel to adequately present an ineffective assistance of trial counsel claim' on direct review." *Trevino*, 569 U.S. at 423 (citations and brackets omitted). The Court held that it did. *See id.* at 428-29 (clarifying that *Martinez* also applies where the State's "procedural framework … makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise" a substantial claim of ineffective assistance of trial counsel on direct appeal). As in *Martinez*, *Trevino* focused on the centrality of the effective assistance of trial counsel to our criminal justice system and, correspondingly, the importance of permitting prisoners a meaningful opportunity

9

to develop and present substantial claims of ineffective assistance of trial counsel. *See id.* at 422-23; *see also Davila v. Davis*, 137 S. Ct. 2058, 2066 (2017) ("[T]he Court in *Martinez* was principally concerned about *trial errors*—in particular, claims of ineffective assistance of *trial* counsel.").

*Martinez* and *Trevino* by their terms considered only ineffective assistance of trial counsel claims by state prisoners. The Supreme Court has never addressed their applicability to federal prisoners or, assuming they do apply, what procedural mechanisms are available to federal prisoners to vindicate the principles those decisions articulate. In the absence of guidance from the Court, the courts of appeals have reached divergent answers to this important question.

A.     Here, a panel of this Court held that federal prisoners whose substantial claims of ineffective assistance of trial counsel were never reviewed by any court due to the ineffective assistance of § 2255 counsel may not resort to § 2241 to press those claims. As explained, the panel here held that, to benefit from the Savings Clause in § 2255(e), "there must be a compelling showing that, as a practical matter, it would be *impossible* to use section 2255 to cure a fundamental problem" and that ineffective assistance of § 2255 counsel does not create such an impossibility. Op. 20 (emphasis added). The panel reached that conclusion notwithstanding its recognition that "*Martinez* and *Trevino* can be read to say that a person can overcome a procedural bar to bringing a claim of

ineffective assistance of trial counsel in a federal court, if counsel in postconviction proceedings was him- or herself ineffective." Op. 25.[1]

However, in *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), this Court held that a federal prisoner who receives ineffective assistance of initial-review collateral counsel may use Federal Rule of Civil Procedure 60(b) to reopen his § 2255 proceedings to press substantial claims of ineffective assistance of trial counsel. *Ramirez* explained:

> Because the federal courts have no established procedure … to develop ineffective assistance claims for direct appeal, the situation of a federal petitioner is the same as the one the Court described in *Trevino*: as a practical matter, the first opportunity to present a claim of ineffective assistance of trial or direct appellate counsel is almost always on collateral review, in a motion under section 2255.

*Id.* at 853; *see also id.* at 854 ("[I]n the great majority of federal cases, ineffectiveness claims must await the first round of collateral review."). The Court

---

[1]     In unpublished decisions, the Sixth and Third Circuits have held that *Martinez* and *Trevino* are inapplicable to federal prisoners trying use § 2241 to bring ineffective assistance of trial counsel claims. *See* Order 3, *Abdur-Rahiim v. Holland*, No. 15-5297, ECF No. 13-2 (6th Cir. Jan. 12, 2016) (refusing to apply *Martinez* and *Trevino* to a federal prisoner on the ground that those cases "deal[t] solely with the procedural default of ineffective-assistance-of-counsel claims in state habeas corpus proceedings" and "they have no bearing whatever on the § 2255(e) savings clause"); *Jackman v. Shartle*, 535 F. App'x 87, 89 n.5 (3d Cir. 2013) (per curiam) ("*Trevino* and *Martinez* deal with state prisoners' ability to bring ineffective assistance of counsel claims, despite being procedurally barred. They do not address the ability of federal prisoners to use § 2241 to bring ineffective assistance of counsel claims."); *see also United States v. Sheppard*, 742 F. App'x 599, 601 (3d Cir. 2018) (per curiam).

found there was "no reason to distinguish between actions at the state level that result in procedural default and the consequent loss of a chance for federal review, and actions at the federal level that similarly lead to a procedural default that forfeits appellate review" and thus the holdings of *Martinez* and *Trevino* "'apply to all collateral litigation under 28 U.S.C. § 2254 or § 2255.'" *Id.* at 852, 854.

By contrast, in *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015), the Eighth Circuit refused to permit a federal prisoner resort to Rule 60(b) under analogous circumstances. There, a federal capital prisoner filed an initial § 2255 petition asserting that his trial counsel was ineffective. His court-appointed § 2255 counsel, however, failed to present available evidence to support his claim, and his petition was dismissed for lacking evidentiary support. Lee filed a *pro se* motion under Rule 60(b), arguing that under *Martinez* and *Trevino*, he was entitled to one opportunity to present his substantial claim of ineffective assistance of trial counsel, but had been denied it by ineffective assistance of § 2255 counsel. The district court treated Lee's Rule 60(b) motion as a second or successive habeas petition and dismissed it. The Eighth Circuit affirmed, holding that *Martinez* and *Trevino* were "inapposite" to Lee, a federal prisoner, because those cases "involved federal habeas review of state court decisions under § 2254." *Id.* at 1024.

B.     The effective result of the circuits' disparate approaches is that federal capital prisoners in some jurisdictions who receive ineffective assistance of § 2255

12

counsel have no reasonable opportunity at all to present substantial claims of ineffective assistance of trial counsel. Whether and by what procedural mechanism such prisoners can press their ineffective assistance of trial counsel claims is important and worthy of the Supreme Court's review, for at least four reasons: (1) the importance of the right at stake; (2) the creation of an unwarranted disparity between state and federal prisoners; (3) this issue is likely to recur; and (4) the issue is not likely to percolate further.

1. The right to effective assistance of trial counsel is the "bedrock" of our criminal justice system. *Martinez*, 566 U.S. at 12; *see also Davila*, 137 S. Ct. at 2066-67. Without effective assistance of trial counsel, no defendant can receive a fair trial. *See Gideon v. Wainwright*, 372 U. S. 335, 344 (1963) (characterizing as an "obvious truth" that "any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him"); s*ee also Martinez*, 566 U.S. at 12 ("[T]he right to counsel is the foundation for our adversary system. Defense counsel tests the prosecution's case to ensure that the proceedings serve the function of adjudicating guilt or innocence, while protecting the rights of the person charged."). The necessity that a defendant receive effective assistance of trial counsel—while present in every criminal prosecution—is of heightened importance in a capital case, where the defendant's very life is at stake and defense counsel must be attuned to issues not present in non-capital cases.

Equally true is the proposition "the initial-review collateral proceeding, if undertaken … with ineffective counsel, may not [be] sufficient to ensure … proper consideration [of] a substantial claim" of ineffective assistance of trial counsel. *Martinez*, 566 U.S. at 14. That is because "[c]laims of ineffective assistance at trial often require investigative work and an understanding of trial strategy." *Id.* at 11. Accordingly, "[t]o present a claim of ineffective assistance at trial … a prisoner likely needs an effective attorney." *Id.* at 12. Again, the need for effective assistance of collateral counsel to ensure the presentation of ineffective assistance of trial counsel claims is particularly acute in capital cases, given the immense stakes. Congress recognized as much in ensuring that capital defendants (unlike most federal prisoners) would have the right to counsel not only through trial and direct appeal, but also in post-conviction proceedings. 18 U.S.C. § 3599; *see Martel v. Clair*, 565 U.S. 648, 658-60 (2012).

Accordingly, where, as here, counsel in § 2255 proceedings is ineffective in failing to investigate and develop substantial claims of ineffective assistance of trial counsel, those claims will never be reviewed by *any* court. It was this very concern that motivated the Supreme Court in *Martinez* and *Trevino* to create an equitable exception to *Coleman* for state prisoners.

2. Federal capital prisoners who have been denied effective assistance of § 2255 counsel are in the exact same position as the state prisoners who benefit

14

from *Martinez* and *Trevino*, as § 2255 proceedings are federal prisoners' first opportunity to raise ineffective assistance of trial counsel claims. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *Ramirez*, 799 F.3d at 853. Denying resort to § 2241 under analogous circumstances, then, creates an unjustified distinction between state and federal prisoners that uniquely disfavors the latter. Such a distinction is particularly unjustified given that Congress provided with respect to state prisoners that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254," 28 U.S.C. § 2254(i), but did not include any such limitation in § 2255 for federal prisoners. And, unlike federal habeas review of state prisoners' defaulted claims, permitting federal prisoners to raise in a § 2241 petition substantial ineffective assistance of trial counsel claims defaulted by ineffective § 2255 counsel presents no comity concerns.

Moreover, as the Supreme Court has repeatedly emphasized, there is a constitutional imperative for a reliable determination of guilt in capital cases. *See, e.g.*, *Spaziano v. Florida*, 468 U.S. 447, 456 (1984) ("We reaffirm our commitment to the demands of reliability in decisions involving death."); *Beck v. Alabama*, 447 U.S. 625, 638 (1980) ("To insure that the death penalty is indeed imposed on the basis of 'reason, rather than caprice or emotion,' we have invalidated procedural rules that tended to diminish the reliability of the sentencing determination. The

same reasoning must apply to rules that diminish the reliability of the guilt determination.").  For that reason, the rationale for *Martinez* and *Trevino*—that a fair trial requires effective assistance of trial counsel, and that the integrity of our system of justice requires that meaningful review of substantial claims of ineffective assistance of trial counsel—is manifestly present here.

3.       This issue is important, given that the federal government has—for the first time in nearly two decades—begun scheduling executions.  There are nearly 60 prisoners on federal death row, some of whom face the possibility of execution despite their having substantial claims of ineffective assistance of trial counsel that have never been reviewed by any court.[2]  Accordingly, the question of whether federal capital defendants with substantial claims of ineffective assistance of trial counsel, who received ineffective assistance of § 2255 counsel, can press such claims in petitions brought under § 2241, is bound to recur.  The lower courts would benefit from the Supreme Court's guidance on that question.

4.       Lastly, even though the question is likely to recur, a circuit split is not likely to develop on this question.  That is because of the approximately 60 federal death row prisoners, nearly all of them are incarcerated at the U.S. Penitentiary in Terre Haute, Indiana.  A small handful of federal death row prisoners are currently

---

[2]       *See* Death Penalty Information Center, *Federal Death Penalty*, https://bit.ly/2CaugVI (visited July 7, 2020).

incarcerated at the U.S. Penitentiary in Florence, Colorado, but each will be transferred to Terre Haute once an execution date is set.[3]  Because § 2241 petitions must be filed in the district where the prisoner is incarcerated, nearly all claims of this type must be brought in the U.S. District Court for the Southern District of Indiana (the district in which Terre Haute sits), where this Court's precedent will bar consideration.

## II.     There Is A Significant Possibility That The Supreme Court Will Reverse This Court's Decision

With the time to consider Mr. Purkey's arguments, at least five Justices are likely to ultimately conclude the panel's decision contravenes *Martinez* and *Trevino*.  Prisoners—and in particular, those facing a sentence of death—must have at least one reasonable opportunity to challenge the effectiveness of their trial counsel.  Where a prisoner must wait until initial-review collateral proceedings to pursue an ineffective assistance of trial counsel claim that has "some merit," and where counsel at those initial-review proceedings is absent or ineffective, the constitutional right to effective assistance of trial counsel—"a bedrock principle in our justice system"—will be difficult, if not impossible, to vindicate.  *Martinez*,

---

[3]     Trigg, *Federal Execution Decision Hardly Shocks ISU Crime, Policy Expert*, Tribune Star (July 25, 2019), https://www.tribstar.com/news/local_news/federal-execution-decision-hardly-shocks-isu-crime-policy-expert/article_5498f10d-3d8e-5e72-9c40-7b279636f500.html.

566 U.S. at 12-14; *see also Trevino*, 569 U.S. at 428-429.  That is the central premise of *Martinez* and *Trevino*.

A federal prisoner with substantial claims of ineffective assistance of trial counsel, who lacked effective assistance of initial-review collateral counsel, is in the exact same position as the state prisoners in *Martinez* and *Trevino*.  In the normal course, a federal prisoner first files a direct appeal, where he is entitled to counsel.  *See* Fed. R. Crim. P. 44(a); *Vinyard v. United States*, 804 F.3d 1218, 1224-1225 (7th Cir. 2015).  But the timing for direct appeals required under the federal rules precludes bringing adequately developed claims of ineffective assistance of trial counsel.  Indeed, this Court has actively discouraged federal prisoners from bringing those claims on direct appeal.  *See Ramirez*, 799 F.3d at 853 ("Raising ineffective assistance on direct appeal is imprudent … unless the contention is made first in the district court and a full record is developed.").

A motion pursuant to § 2255 thus provides the federal prisoner's first real opportunity to raise claims of ineffective assistance of trial counsel.  *See Massaro*, 538 U.S. at 508.  But where that proceeding is "undertaken … with ineffective counsel," the collateral review proceeding "may not [be] sufficient to ensure that proper consideration was given to a substantial claim" of ineffective assistance of trial counsel.  *Martinez*, 566 U.S. at 14.  That is because, as the Supreme Court recognized in *Martinez*, ineffective assistance of trial counsel claims are difficult if

18

not impossible to mount "[w]ithout the help of an adequate attorney."  *Id.* at 11-13.

Yet, under the constraints of § 2255, that is the only chance a federal prisoner—

even one sentenced to death—will get to present substantial claims of ineffective

assistance of trial counsel.

In the Antiterrorism and Effective Death Penalty Act of 1996, Congress

restricted the availability of "second or successive" habeas petitions under § 2255

to situations where the movant can point to either "newly discovered evidence"

that would undermine his conviction, or a new, retroactive "rule of constitutional

law … that was previously unavailable."  28 U.S.C. § 2255(h).  But, in doing so,

Congress did not alter the Savings Clause of § 2255(e)—an implicit

acknowledgment that § 2241 would be available in some cases other than the two

narrow circumstances identified in § 2255(h).

For a federal prisoner—and in particular, for a federal capital prisoner—

whose substantial claim of ineffective assistance of trial counsel was not presented

in his § 2255 petition due to the ineffective assistance of § 2255 counsel, § 2241

must be available.  Under those circumstances, because § 2255 counsel was

ineffective, the prisoner is denied "an *opportunity* to bring his argument," and thus

the "'remedy by motion'" under § 2255 is "'inadequate or ineffective'" to test the

legality of his detention.  *Prost* v. *Anderson*, 636 F.3d 578, 584 (10th Cir. 2011)

(Gorsuch, J.).  This is not to say that because the prisoner was denied *relief*, § 2255

is inadequate or ineffective.  Rather, it is the denial even of an *opportunity* to present substantial claims of ineffective assistance of trial counsel that renders the *remedy* inadequate or ineffective to test the legality of the conviction and sentence. *See id*.  Indeed, under those circumstances (as here), *no* court will ever review the prisoner's substantial claims of ineffective assistance of trial counsel before he is put to death.  For that reason, this Court's conclusion that to benefit from the Savings Clause in § 2255(e), "there must be a compelling showing that, as a practical matter, it would be *impossible* to use section 2255 to cure a fundamental problem"—and that ineffective assistance of § 2255 counsel does not create such an impossibility—is incorrect.  Op. 20 (emphasis added).  Where a federal capital prisoner has ineffective § 2255 counsel, raising substantial claims of ineffective assistance of trial counsel is—for all practical purposes—impossible.  Accordingly, the Supreme Court is likely to hold that the principles articulated in *Martinez* and *Trevino* require that such prisoners be given the opportunity to raise such claims in a petition under § 2241.

## III.    Mr. Purkey Will Suffer Irreparable Harm Absent A Stay

As the panel correctly noted, absent a stay, Mr. Purkey faces "categorically irreparable injury—death."  Op. 26.  That conclusion is consistent with Supreme Court precedent, which holds that "execution is the most irremediable and unfathomable of penalties."  *Ford v. Wainwright*, 477 U.S. 399, 411 (1986)

(plurality op.). That harm is even greater in this case, as Mr. Purkey stands to die before his "serious" claims of ineffective assistance of trial counsel have been reviewed by any court. Op. 26.

## CONCLUSION

For these reasons, the Court should enter an order staying Mr. Purkey's execution pending the disposition of his petition for a writ of certiorari.

Respectfully submitted.

REBECCA E. WOODMAN
ATTORNEY AT LAW, L.C.
1263 W. 72nd Terrace
Kansas City, MO 64114
(785) 979-3672

MICHELLE M. LAW
ASSISTANT FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF MISSOURI
901 St. Louis Street, Suite 801
Springfield, MO 65806
(417) 873-9022

/s/ Alan E. Schoenfeld
ALAN E. SCHOENFELD
STEPHANIE SIMON
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

July 15, 2020

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned herby certifies that this motion complies with the type-volume limitation of Fed. R. App. 27(d)(2)(A).

1.      Exclusive of the exempted portions of the motion, as provided in Fed. R. App. 32(f), the motion contains 5,027 words.

2.      The motion has been prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.  As permitted by Fed. R. App. 32(g)(1), the undersigned has relied on the word count feature of this word process system in preparing this certificate.

/s/ Alan E. Schoenfeld
ALAN E. SCHOENFELD

July 15, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Alan E. Schoenfeld
ALAN E. SCHOENFELD