# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 13, 2020

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3318

| | |
|---|---|
| WESLEY IRA PURKEY,<br>    *Petitioner-Appellant*,<br><br>        *v.*<br><br>UNITED STATES OF AMERICA, *et al.*,<br>    *Respondents-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:19-cv-00414-JPH-DLP<br><br>James P. Hanlon,<br>*Judge*. |

**O R D E R**

Wesley Ira Purkey, a death-row inmate at the U.S. Penitentiary in Terre Haute, currently has a scheduled execution date of July 15, 2020, two days from now. As we explain further below, this court heard oral argument in Purkey's appeal from the district court's order denying him relief under 28 U.S.C. § 2241 on June 16, 2020. Recognizing the gravity of the matter, the court *sua sponte* expedited its consideration of the appeal and issued its opinion affirming the district court on July 2, 2020, just 16 days after oral argument. In that opinion, although we rejected Purkey's arguments on the merits, we recognized that at least two of them presented serious issues. Applying the

approach dictated by *Nken v. Holder*, 556 U.S. 418 (2009), we concluded that a brief stay permitting the orderly conclusion of proceedings in this court was warranted. Sl. op. at 26–27. The government has taken two steps in response to that holding: first, it has asked us to reconsider this stay; and second, it has filed an application with the Supreme Court asking that court to set aside the stay. See *Watson v. Purkey*, U.S. No. 20A4 (filed July 11, 2020). We explain further in this order why we issued the temporary stay, which by its terms is limited to this litigation and does not affect any other cases Purkey has filed in other courts, and why we are not persuaded that it should be set aside.

Purkey's primary argument on appeal was that he received constitutionally inadequate assistance of counsel at his trial for the murder and kidnapping of Jennifer Long. Although a lawyer filed a motion on his behalf under 28 U.S.C. § 2255 in which he challenged trial counsel's effectiveness, Purkey is now attempting to assert that post-conviction counsel was also ineffective in several critical respects. Barred from filing a successive motion under section 2255, he argues that his only recourse is to the general habeas corpus statute, 28 U.S.C. § 2241. If that door is closed to him, he contends, he could literally go to his death without ever having the opportunity first to demonstrate that his Sixth Amendment rights were violated, and second, if he succeeds, to have a new trial untainted by that failing. We found this to be a serious argument, although not one that we felt free to accept, given our understanding of the scope of the "safety valve" language in 28 U.S.C. § 2255(e). It is serious because all defendants, including capital defendants, have a right to constitutionally effective counsel. The information proffered in Purkey's section 2241 petition gives us concern that Purkey never received such counsel.

With that in mind, we turned in our July 2 opinion to the factors governing the issuance of a stay pending the orderly conclusion of proceedings in this court—proceedings that at a minimum may involve the filing of a petition for panel or en banc rehearing, see Fed. R. App. P. 40(a)(1)(A) (due within 45 days after entry of judgment if the United States is a party), and that require the issuance of the court's mandate, see Fed. R. App. P. 41(b) (occurring seven days after resolution of any petition for rehearing, or after the time for such a petition has elapsed). As the government has pointed out in its motion, our stay thus would expire at the earliest 52 days after our July 2 judgment, or on Monday, August 24 (since the last day falls on the weekend). That date is obviously a few weeks after July 15, the government's desired execution date.

This brief stay is necessary in order to complete our proceedings in an orderly way. The government has offered no reason why we should fore-shorten the time for the filing of a petition for rehearing, or why we should order the mandate to issue forthwith. Nor has it provided any reason to support a finding that it would experience difficulty in re-scheduling Purkey's execution date for a time after our court has completed its review.

Against this, the government relies heavily on its assumption that Purkey has failed to show a "strong" possibility of success on the merits of his claim, as required by the first factor identified in *Nken*. Its primary reason for this assumption is the fact that this court rejected Purkey's theory. But that cannot be enough—otherwise any applicant for a stay of judgment would automatically lose, because that applicant lost in the rendering court. Moreover, a close look at *Nken* shows that the Supreme Court in that case adopted the traditional approach toward stays, not one specially tailored to a particular underlying law (there, the immigration statutes). That is why it focused not just on the likelihood of success on the merits, but also on the irreparable harm the applicant would suffer. An immigrant such as Nken can continue to pursue many forms of relief even after removal, but once someone has been executed, that is the end. More broadly, the *Nken* Court held that the evaluation of a stay requires consideration of all four factors, not just the first two. That is what we did. We add that, in evaluating the law, we are not free to speculate about the way in which the Supreme Court would view a new situation, even if we were to think that there are compelling reasons to extend existing precedents.

But, to be clear, our stay reflects the fact that we concluded that Purkey has made a strong argument to the effect that, under the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), a habeas corpus petitioner who has *never* been able to test the effectiveness of his counsel under the Sixth Amendment can overcome his procedural default in failing to do so in his first and only motion under section 2255. Such a petitioner, the reasoning continues, would be entitled to a hearing on the merits using the vehicle of section 2241. Only the Supreme Court can tell us whether this is a proper application of its decisions, but we deem Purkey's chances of success on this point to be strong enough to satisfy *Nken*'s first requirement, and as we stated before, there can be no debate about the irreparable harm he will experience if the government executes him on Wednesday, July 15.

We therefore DENY the government's motion for reconsideration. All relevant deadlines associated with a petition for rehearing remain in place for Purkey.

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit